IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERAE STEFUN FREEMAN, # 290080, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:15cv226-WKW |
| ) | (WO) |
| CARTER F. DAVENPORT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Terae Stefun Freeman ("Freeman") on April 8, 2015. Doc. No. 1. Freeman challenges his Alabama convictions for two counts of first-degree robbery, one count of first-degree assault, and one count of second-degree assault, obtained following a jury trial in the Houston County Circuit Court in 2013. Freeman was sentenced to consecutive sentences of 20 years for each robbery conviction and 10 years for each assault conviction.

Freeman asserts as his sole claim for habeas relief that the trial court erred in limiting the defense's and the state's closing arguments to 15 minutes. Doc. No. 1 at 16-21. However, he asks this court to stay proceedings in this habeas action pending resolution of his appeal from the trial court's denial of his state petition for post-conviction relief under Ala.R.Crim.P. 32 petition. *Id*. at 15. That appeal is pending in the Alabama Court of

Criminal Appeals.

## II.  DISCUSSION

Freeman has exhausted in the state courts the sole claim he presents in his § 2224 petition.  *See* Doc. No. 6 at 2.  In his state Rule 32 petition, however, he raises several claims not presented in his § 2254 petition.  *Id*. at 5.  He is pursuing those claims in his appeal from the trial court's denial of his Rule 32 petition.  *Id*.  His request for a stay of the proceedings on his § 2254 petition reflects that, if he does not prevail in the state courts on appeal in his Rule 32 proceedings, he intends to amend his § 2254 petition to add the claims he is currently pursuing in the Rule 32 proceedings.  *See* Doc. No. 9 at 1.

Because the duration of the state-court proceedings on Freeman's Rule 32 petition is entirely speculative, and because the state appellate court's disposition of his Rule 32 petition is likely to influence his assertion of additional claims in a federal habeas action, this court does not deem it appropriate either to grant a stay in this habeas action pending resolution of Freeman's appeal from the denial of his Rule 32 petition or to rule on the merits of the sole claim currently set forth in his § 2254 petition without first allowing him to exhaust all claims he has raised in the state courts (which, as noted, he intends to present in an amended § 2254 petition).

Freeman's filing of his Rule 32 petition tolled the one-year limitation period for him to file a § 2254 habeas petition, and the federal limitation period will remain tolled for the duration of state-court proceedings relating to the Rule 32 petition.  *See* 28 U.S.C

§ 2244(d)(1) & (2).  This court advises Freeman that it appears approximately 151 days have run on the one-year federal limitation period, leaving him approximately 214 days to file a timely § 2254 petition <u>after</u> conclusion of state-court proceedings relating to his Rule 32 petition.

On May 8, 2015, this court entered an order directing Freeman to show cause why, under the circumstances, his § 2254 petition should not be dismissed without prejudice to allow him to exhaust his state-court remedies regarding the claims he has raised in the state courts.  Doc. No. 8.  Freeman responds only that his requested stay should be granted instead, because he does not want to incur the burden of refiling a federal habeas petition and paying any filing fee that may be required.  Doc. No. 9 at 1.  The undersigned finds that these do not suffice as reasons, in lieu of dismissal without prejudice, for staying the instant habeas action pending the state-court proceedings on Freeman's Rule 32 petition.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to  allow Freeman to exhaust his state-court remedies regarding the claims he has raised in the state courts.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 29, 2015.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be

considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 12th day of June, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE